THE CITY OF CHICAGO, Defendant in Error, *vs.* WILLIAM J. O'BRIEN, Plaintiff in Error.

*Opinion filed April 22, 1915—Rehearing denied June 11, 1915.*

1. MUNICIPAL CORPORATIONS—*a city has no inherent power to license any occupation.* A city has no inherent power to license any occupation or to require the payment of a tax for the privilege of engaging in the same, but such power must be expressly granted or be a necessary incident to the powers so granted.

2. SAME—*a city has no power to require license to engage in business of furnishing private detectives.* Neither clause 66 nor clause 68 of section 1 of article 5 of the Cities and Villages act, with reference to prescribing the duties of the police and the passage of necessary police ordinances, authorizes a city to require a license to engage in the business of furnishing private detectives for hire, nor is such power otherwise conferred upon a city.

3. SAME—*power to pass police ordinances is not a delegation of all the police power of the State.* Clause 66 of section 1 of article 5 of the Cities and Villages act, authorizing a city to pass and

enforce all necessary police ordinances, is not a grant of all the police power of the State, but only of such police power as may be properly exercised in reference to the subjects and occupations enumerated in other clauses of section 1.

CARTER, J., dissenting.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding.

J. B. O'CONNELL, and C. V. DONOVAN, for plaintiff in error.

JOHN W. BECKWITH, Corporation Counsel, and AL-BERT J. W. APPELL, Prosecuting Attorney, (LEON HORN-STEIN, and LEROY HACKETT, of counsel,) for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

The plaintiff in error, William J. O'Brien, was found guilty in the municipal court of Chicago of conducting a private detective agency in the city of Chicago without a license, in violation of an ordinance of the city, and was fined $25 and costs. The validity of said ordinance being involved and the trial judge having certified that in his opinion the public interest required that the cause be taken directly to this court, O'Brien has sued out a writ of error from this court seeking to reverse the judgment of the municipal court.

The ordinance for the violation of which plaintiff in error was fined by the municipal court requires every person and corporation, before engaging in the business of furnishing or supplying special or private detectives for hire within the city, to obtain a license from the city. The ordinance fixes the license fee at $100 per annum, and provides for a fine of not less than $25 nor more than $200 for a violation of any of its provisions. Plaintiff in error contends that the city had no power to enact such an ordinance, and with this contention we agree. A city pos-

sesses no inherent power to license any occupation or to require the payment of a tax for the privilege of engaging in the same. That power must be expressly granted in its charter or be a necessary incident to the powers so granted. (*City of Chicago* v. *Drogasawacz,* 256 Ill. 34; *Herb Bros.* v. *City of Alton,* 264 id. 628.) The powers conferred upon a city council are found in section 1 of article 5 of the Cities and Villages act. This section confers upon a city council power to license certain kinds of business and certain occupations, but it does not in express terms authorize the·licensing of private detective agencies.

Defendant in error contends, however, that power to pass said ordinance is conferred by clauses 66 and 68 of said section 1. These clauses, following the provision that the city council in cities shall have the following powers, are as follows:

"*Sixty-sixth*—To regulate the police of the city or village, and pass and enforce all necessary police ordinances.

"*Sixty-eighth*—To prescribe the duties and powers of a superintendent of police, policemen and watchmen."

It is not necessary to enter into an extended discussion of the proposition advanced by the defendant in error that power to pass the ordinance under consideration is conferred by said clause 68. The power conferred by that clause is clearly limited to the power to make regulations concerning members of the municipal police force, and can under no rule of construction be extended so as to authorize the passage of an ordinance regulating the affairs of persons who are not connected with such police force. The power to pass an ordinance and impose a penalty for its violation is to be strictly construed, and is not to be extended, by implication, to persons or things not expressly within the terms of such power. *Kiel* v. *City of Chicago,* 176 Ill. 137.

The principal contention made by defendant in error is, that power to pass the ordinance in question was conferred

upon the city council by that portion of said clause 66 which empowers the city council to "pass and enforce all necessary police ordinances." In *McPherson* v. *Village of Chebanse,* 114 Ill. 46, and again in *City of Chicago* v. *Gunning System,* 214 id. 628, it was held that the power conferred by said clause 66 is not limited to the organization and regulation of a police force, but embraces the subject matter of police regulation under the general police power of the State. This delegation of police power to municipalities is not, however, a grant of all the police power of the State, but only of such police power as may be properly exercised in reference to the subjects and occupations enumerated in other clauses of said section 1. (*City of Chicago* v. *M. & M. Hotel Co.* 248 Ill. 264; *City of Chicago* v. *Mandel Bros.* 264 id. 206.) In *People* v. *City of Chicago,* 261 Ill. 16, we said: "The express enumeration of certain occupations or businesses in the statute over which the municipalities are given control is by a well known canon of construction an exclusion of all other occupations. * * * It was not the intention of the legislature to confer unrestrained and unlimited police power upon municipalities. There are certain subjects over which the city has control, and as to these subjects it may pass all necessary police ordinances." While section 1 of said article 5 enumerates many subjects concerning which a municipality is authorized to legislate, the subject of private detectives or private detective agencies is not mentioned in the section. The city of Chicago had neither express nor implied power to require a license to engage in and carry on the business of furnishing or supplying special or private detectives for hire within the city, and the ordinance is therefore void.

The judgment of the municipal court is reversed.

*Judgment reversed.*

Mr. JUSTICE CARTER, dissenting.