(No. 11263.—Judgment affirmed.)

THE CITY OF MARION, Appellant, *vs.* CARLO CRIOLO, Appellee.

. *Opinion filed April 19, 1917.* .

1. MUNICIPAL CORPORATIONS—*cities and villages have only such powers as are granted to them by the legislature.* All legislative power is vested in the General Assembly, and while it may delegate power to municipal authorities to legislate concerning local matters, such power will be regarded as delegated only where it is given in express terms or is necessarily implied from powers expressly given.

2. SAME—*when ordinance regulating the delivery of intoxicating liquors exceeds municipal authority.* An ordinance prohibiting the delivery of intoxicating liquor to any consignee in the city unless the carrier shall keep a book, open to the public, recording the name and address of the consignee and consignor and showing a receipt of the goods by the consignee, which ordinance does not attempt to regulate, license or prohibit the selling or giving away of intoxicating liquors, is not expressly nor impliedly warranted by section 1 of article 5 of the Cities and Villages act.

3. SAME—*what police power is granted by clause 66 of section 1 of article 5 of the Cities and Villages act.* Clause 66 of section 1 of article 5 of the Cities and Villages act, giving municipalities power to pass and enforce all necessary police ordinances, applies only to such ordinances as are necessary to enable the city to exercise the powers enumerated in the other clauses of said section and is not a general grant of all the police power of the State.

4. SAME—*municipality cannot enact an ordinance prohibiting the peaceable keeping, receiving or using of intoxicating liquor.* No municipality has the statutory power to enact an ordinance prohibiting the keeping, receiving or using of intoxicating liquor, where such keeping, receiving or using is done in such a manner as not to interfere with rights of others and there is no disturbance.

APPEAL from the County Court of Williamson county; the Hon. W. F. SLATER, Judge, presiding.

SAWYER & KIMMEL, for appellant.

NEELY, GALLIMORE & COOK, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Carlo Criolo, appellee, was arrested and fined by a justice of the peace for the violation of an ordinance of the city of Marion. He took an appeal to the county court of Williamson county, where the case was heard upon an agreed statement of facts and the court found him not guilty. The county court having certified that the validity of an ordinance is involved, an appeal has been perfected to this court by the city of Marion.

The ordinance in question is as follows: "It shall be unlawful for any person to deliver or cause to be delivered within the corporate limits any intoxicating liquors to any minor or to any person intoxicated, or to deliver any of said liquors to any person whomsoever without first having entered in a well-bound book which he shall keep for that purpose, the date of the reception by him of each vessel or package of said liquors received, and the true name and address of the consignor and the date of its delivery by him, and the true name of the person to whom and the place where the liquors are delivered, or fails or neglects to procure a receipt for the same in said book from the person to whom it is delivered, or keep such book open to the full and free inspection of all public officers at all times during business hours, or deliver any intoxicating liquors to any person on the first day of the week, commonly called Sunday, or between sunset and sunrise, shall be fined not less than ten dollars ($10) nor more than one hundred dollars ($100) for each and every offense."

The city of Marion is in anti-saloon territory. Johnston City, located six miles from Marion, and Whiteash, located three miles distant, are each in saloon territory and each has licensed saloons. By the agreed statement of facts it appears that a saloon-keeper named Mitchell, located in Johnston City, sold beer to persons residing in Marion; that appellee is a teamster and was employed by Mitchell to deliver cases and barrels of beer so sold by Mitchell to per-

sons residing in Marion; that appellee delivered intoxicating liquors within the twelve months last past to various persons in Marion for a saloon-keeper located in Whiteash, and that appellee did not observe the provisions of the ordinance above set out. It was further agreed that the question of law involved was whether or not the city of Marion had the power to enact such an ordinance and whether the same was a valid ordinance. The county court found that the ordinance was invalid and discharged appellee.

This ordinance is meant to apply only to the manual delivery of intoxicating liquors in the city of Marion, which is in anti-saloon territory. The parties on each side proceed upon the assumption that the sale was consummated and completed in saloon territory. Whether, under the facts agreed upon here, the sale was completed in saloon territory or in the city of Marion, which is in anti-saloon territory, and would therefore constitute a violation of the statute prohibiting the sale of intoxicating liquors in anti-saloon territory, is a question not involved in this case.

Cities and villages have only such powers as are granted to them by the legislature. Appellant insists that it had the right to enact this ordinance under the 46th, 59th, 66th and 98th clauses of section 1 of article 5 of the Cities and Villages act. The 46th clause of that section empowers cities and villages to license, regulate and prohibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquors. Clause 59 empowers them to prevent intoxication and disorderly conduct. Under clause 66 cities and villages are empowered to regulate the police of the city or village and pass and enforce all necessary police ordinances. Clause 98 authorizes such municipalities to pass all ordinances, rules and make all regulations proper or necessary to carry into effect the powers granted, with such fines or penalties as may be deemed proper.

All legislative power is vested in the General Assembly, and while it may delegate power to municipal authorities

278 — 11

to legislate concerning local matters, the settled rule is that such power will be regarded as delegated only where it is given in express terms or is necessarily implied from powers expressly given. (*Metropolitan Elevated Railway Co.* v. *City of Chicago,* 261 Ill. 624.) The power of a city to pass an ordinance must be found in its charter in express terms, or it must be necessary in order to carry, out the powers expressly granted, or be essential, and not simply convenient, to the declared objects and purposes of the corporation. (*City of Chicago* v. *Weber,* 246 Ill. 304; *City of Chicago* v. *M. & M. Hotel Co.* 248 id. 264; *City of Clinton* v. *Wilson,* 257 id. 580; *City of Marengo* v. *Rowland,* 263 id. 531; *Eastern Illinois Normal School* v. *City of Charleston,* 271 id. 602.) Express authority to enact the ordinance in question is not given by either of said clauses 46 or 59, nor is the enactment of such an ordinance necessary to carry out the powers expressly granted by those two clauses. This ordinance has no connection with the licensing, regulating or prohibiting the selling or giving away of intoxicating liquors. It is not contended that any sale was made in the city of Marion but that there was a mere manual delivery of the property there. The ordinance does not attempt to prohibit the delivery, but simply requires that the person delivering the goods shall keep a record of the matters specified in the ordinance. No restriction is placed upon the person receiving the liquor except to sign the receipt for the same. Having once received the liquor, so far as the ordinance is concerned he can make whatever use and disposition of the same he may see fit. The ordinance has no tendency to prevent intoxication or disorderly conduct. While it might be convenient for the city authorities to know who of the inhabitants of the city of Marion were receiving intoxicating liquors and in what quantities, the city is not expressly empowered under these two clauses of section 1 of article 5 of the Cities

and Villages act to enact this ordinance, and the passage of the ordinance is not necessary in order to carry out the powers expressly granted by them.

Clause 66, which empowers municipalities to pass and enforce all necessary police ordinances, applies only to such ordinances as are necessary to enable the city to exercise the powers enumerated in the other clauses of said section 1. In referring to clause 66 we have held that this delegation of police power to municipalities is not a grant of all the police power of the State, but only of such police power as may be properly exercised in reference to subjects and occupations enumerated in the other clauses in said section 1. (*City of Chicago* v. *Mandel Bros.* 264 Ill. 206; *City of Chicago* v. *M. & M. Hotel Co. supra; City of Chicago* v. *O'Brien,* 268 Ill. 228.) Said section 1 nowhere confers express authority upon a city to enact such an ordinance as the one under consideration, nor is the power to enact such an ordinance necessarily implied.

We held in *Town of Cortland* v. *Larson,* 273 Ill. 602, that there is no law in this State which prohibits a person from receiving, keeping and using intoxicating liquors for private consumption, when such receiving, keeping and using are done in such a manner as not to interfere with the rights of others and there is no disturbance, and that no municipality has the power to enact an ordinance prohibiting such keeping, receiving or using of intoxicating liquor. No question of unlawful selling or giving away of intoxicating liquor or of intoxication or disorderly conduct is involved.

The city of Marion was without power to enact this ordinance, and the judgment of the county court is affirmed.

*Judgment affirmed.*