## SALT LAKE CITY v. SUTTER.

No. 3879.  Decided May 31, 1923.  Petition for rehearing denied, June 29, 1923.  (216 Pac. 234.)

1. MUNICIPAL CORPORATIONS—HAVE ONLY POWERS EXPRESSLY OR IMPLIEDLY GRANTED. A municipal corporation possesses only powers granted in express words and such as are necessarily implied in or incident to accomplishment of those powers; and those essential to the accomplishment of the declared objects and purposes of the corporation—not simply convenient, but indispensable.[1]

---

[1] *Ogden City* v. *Bear River, etc., Co.,* 16 Utah, 440, 52 Pac. 697, 41 L. R. A. 305.

2.  INTOXICATING LIQUORS—GENERAL AUTHORITY TO PASS ORDI-
    NANCES FOR PUBLIC WELFARE IS QUALIFIED BY SPECIFIC POWERS.
    The general authority given a city by Comp. Laws 1917,
    § 570x87, to pass all ordinances and rules necessary for public
    health, prosperity, and morals, is qualified and restricted by
    the other clauses and provisions which specify the particular
    purposes for which ordinances may be passed, including section
    570x41, authorizing the city to license and regulate or prohibit
    the manufacture, sale, and giving away or disposition of intoxi-
    cating liquors.

3.  INTOXICATING LIQUORS—MUNICIPAL CORPORATIONS HAVE NEVER
    BEEN GIVEN POWER TO PROHIBIT POSSESSION OF INTOXICATING
    LIQUORS. Municipalities within the state have never been given
    the power to make possession of intoxicating liquors an of-
    fense; and therefore the rule that the Prohibition Law of 1917
    (Comp. Laws 1917, §§ 3341-3381) did not repeal the statutes
    giving power to cities to prohibit the sale and manufacture of
    intoxicating liquors does not validate a city ordinance prohibit-
    ing the possession of intoxicating liquors.[2]

4.  COURTS—LANGUAGE OF FORMER OPINION NOT NECESSARY FOR DE-
    TERMINATION IS NOT AUTHORITY. The language of an opinion
    of the court in a previous case which was not necessary for
    the determination of the question involved in that case is not
    authoritative or binding upon the court in a subsequent case
    in which the particular question was involved, and had been
    construed by counsel as it had not been in the former case.[3]

5.  MUNICIPAL CORPORATIONS—POWERS ARE DERIVED FROM LEGISLA-
    TURE. Under Const. art. 11, § 5, providing that the Legislature
    shall provide for the incorporation, organization, and classifica-
    tion of cities and towns, the power or authority which munici-
    palities possess is derived from the Legislature.

6.  INTOXICATING LIQUORS—ORDINANCE PROHIBITING POSSESSION OF
    INTOXICATING LIQUORS IS BEYOND CITY'S POWERS. Since a city
    has never expressly been given the power to prohibit the pos-
    session of intoxicating liquors, and such power is not neces-
    sarily or fairly implied as incident to the power of prohibiting
    the manufacture, sale, or other disposition of intoxicating
    liquors, and is not essential to the accomplishment of a de-
    clared object and purpose of the corporation, an ordinance
    making it an offense to possess intoxicating liquors within a
    city is invalid.

---

[2] *Zamata* v. *Browning*, 51 Utah, 400, 170 Pac. 1057.
[3] *State* v. *Hurst*, 59 Utah, 543, 205 Pac. 335.

7. INTOXICATING LIQUORS—PROHIBITION LAW DOES NOT ENLARGE POWERS OF CITIES. The power of a city to enact an ordinance prohibiting the possession of intoxicating liquors must be controlled by the legislative grant of power found in the general statutes, and such power was not given by the Prohibition Law of 1917 (Comp. Laws 1917, §§ 3341-3381).

8. COURTS—DECISION CANNOT BE INFLUENCED BY EFFECT ON ENFORCEMENT OF PROHIBITION LAW. The decision as to the power of a municipal corporation to prohibit possession of intoxicating liquor cannot be influenced by a consideration of the effect of such decision on the enforcement of the Prohibition Law of 1917 (Comp. Laws 1917, §§ 3341-3381).

Appeal from District Court, Third District, Salt Lake County; *Ephraim Hanson,* Judge.

John Doe Sutter was convicted of violating an ordinance of Salt Lake City, and he appeals.

REVERSED AND REMANDED, with directions to discharge the defendant.

*F. W. James,* of Salt Lake City, for appellant.

*Wm. H. Folland,* City Atty., and *Shirley P. Jones,* Asst. City Atty., both of Salt Lake City, for respondent.

GIDEON, J.

The defendant was convicted of violating an ordinance of Salt Lake City, a municipality of this state. From that conviction he appeals. The ordinance in question, so far as material here, provides:

"It shall be unlawful for any person to knowingly have in his possession any intoxicating liquor," without authority.

Have municipalities of this state authority to make the unlawful possession of intoxicating liquor an offense? The appeal presents only that question.

It is convenient to refer to certain sections of the statute enumerating the powers of city commissioners and city coun-

cils of cities in this state. Comp. Laws Utah 1917, § 570x41, provides that the boards of city commissioners and city councils of cities shall have the powers "to license and regulate, or prohibit the manufacturing, selling, giving away, or disposition in any manner of any intoxicating liquors. * * *" Section 570x49 of the same compilation authorizes such commissions and councils "to prevent intoxication, fighting," etc.; and section 570x87 gives them the additional power "to pass all ordinances and rules, and make all regulations, not repugnant to law, necessary for carrying into effect or discharging all powers and duties conferred by this chapter, and such as are necessary and proper to provide for the safety, and preserve the health, and promote the prosperity, improve the morals, peace and good order, comfort, and convenience of the city and the inhabitants thereof, and for the protection of property therein; and to enforce obedience to such ordinances with such fines or penalties as the city council may deem proper; provided, that the punishment of any offense shall be by fine in any sum less than $300 or by imprisonment not to exceed six months, or by both such fine and imprisonment."

By title 54, Comp. Laws Utah 1917 (sections 3341-3381), the Legislature of this state, impliedly at least, repealed the authority of the city commissions and city councils to license and regulate the "manufacturing, selling, giving away, or disposition in any manner of any intoxicating liquors." The defendant contends that the city commissioners of Salt Lake City had no authority to make the possession of intoxicating liquor an offense against the law.

The general rule limiting the powers of municipalities in enacting ordinances is stated in 1 Dillon on Municipal Corporations (5th Ed.) § 237, as follows:

"It is a general and undisputed proposition of law that *a municipal corporation possesses and can exercise the following powers, and no others:* First, those granted in *express words;* second, those *necessarily or fairly implied* in or *incident* to the powers expressly granted; third, those *essential* to the accomplishment of the declared objects and purposes of the corporation—not simply convenient, but indispensable. Any fair, reasonable, substantial doubt con-

cerning the existence of power is resolved by the courts against the corporation, and the power is denied. Of every municipal corporation the charter or statute by which it is created is its organic act. Neither the corporation nor its officers can do any act, or make any contract, or incur any liability, not authorized thereby, or by some legislative act applicable thereto. All acts beyond the scope of the powers granted are void." (Italics by the author.)

Numerous authorities are cited by the author to support the text, among others *Ogden City* v. *Bear River, etc., Co.*, 16 Utah, 440, 52 Pac. 697, 41 L. R. A. 305. See, also, 19 R. C. L. p. 800; *Cortland* v. *Larson*, 273 Ill. 602, 113 N. E. 51, Ann. Cas. 1916E, 775; *City of Marion* v. *Criolo*, 278 Ill. 159, 115 N. E. 820.

In section 239 of 1 Dillon on Municipal Corporations (5th Ed.), and on the same subject, it is further said:

"The rule of strict construction of corporate powers is not so directly applicable to the ordinary clauses in the charter or incorporating acts of municipalities as it is to the charters of private corporations; but it is equally applicable to grants of powers to municipal and public bodies which are out of the usual, or * * * which, in their exercise, touch the right to liberty or property, or, as it may be compendiously expressed, any common-law right of the citizen or inhabitant."

The sections of the statute quoted do not authorize municipalities to legislate upon the question of possession of intoxicating liquors. It is, however, contended that the power to enact the ordinance in question exists by reason of the general authority delegated by section 570x87, supra. There are certain well-defined limitations to the powers of a city under a charter or statute enumerating certain subjects upon which the municipality may enact ordinances, followed by a grant of power in general language. The rule supported by the great weight of authority is clearly and succinctly stated by the annotator in 34 Am. Dec. at page 629, in a note to the case of *Robinson* v. *Mayor of Franklin*, as follows;

"A municipal corporation may exercise the power of passing ordinances and by-laws, though its charter is silent in reference to the subject. Usually the power is conferred. In many cases the charter confers the power to enact ordinances in certain particular instances and for specified purposes. Following the clause in which

the particular cases in which ordinances may be passed are expressly enumerated, a grant is often inserted, in general language, authorizing the corporation to pass all ordinances and by-laws, not in conflict with the Constitution or general laws, that the welfare, peace, and good order of the municipality may render necessary. Here is an express authority given to pass ordinances in a particular class of cases, followed by a general authority to pass all necessary laws. The express authority is held to be a limitation upon the general power, so far as it relates to matters which belong to the class of those expressly enumerated, but which are not, in terms, included. A general power granted to the corporation to pass all ordinances necessary for the welfare of the corporation, is qualified and restricted by those other clauses and provisions of the charter which specify particular purposes for which ordinances may be passed. Otherwise the general clause would confer authority to abrogate the limitations implied from the express provisions."

Reliance is had by the plaintiff upon the opinion of this court in *Zamata* v. *Browning*, 51 Utah, 400, 170 Pac. 1057. In that case the question under consideration was the validity of an ordinance of Ogden City prohibiting the sale of intoxicating liquors within the limits of that city. It was the contention of plaintiff there that the Legislature by title 54, Comp. Laws Utah 1917, had assumed exclusive jurisdiction over the subject of intoxicating liquors in every political subdivision of the state, and therefore Ogden City could not legislate upon the question. The holding was that the Legislature did not, by the so-called Prohibition Law of 1917 (title 54, supra), repeal the statutes giving power to cities to prohibit the sale and manufacture of intoxicating liquors. The opinion recites at some length the substance and history of the various acts of the Legislature relating to the power of cities to prohibit the sale and manufacture of intoxicating liquors within the boundaries of such municipalities. It is pointed out that nowhere in the various legislative enactments had the power been taken from the cities to prohibit, under the limits fixed in the acts, the sale and amnufacture of intoxicating liquors within such cities. The power to prohibit the sale and manufacture of intoxicating liquors has always existed in cities in the territory and state of Utah from its earliest history. The ordinance of Ogden City in question in that case prohibiting the sale and manufacture of intoxi-

cating liquors was not only exercising powers which
had always existed in cities, but it was following along    3
the lines which tended to carry out and assist in the
enforcement of the provisions of title 54, supra, known as the
Prohibition Law.  The power of municipalities to make the
possession of intoxicating liquors a crime had never existed
in Utah either before or after statehood.  Not only was the
power not granted in the original charter creating the vari-
ous municipalities of the state, but it was at no time given
by the general laws which superseded the powers granted
in the charter of incorporation.  It therefore cannot be con-
tended or claimed that the authority to enact the ordinance
in question existed prior to the enactment of the Prohibition
Law of 1917.  There is nothing in title 54 to indicate that
it was the intention of the Legislature to grant this addition-
al power to municipalities.

Reliance is also had upon the opinion of this court in *State
v. Hurst*, 59 Utah, 543, 205 Pac. 335.  The defendant in that
case was charged with a felony, namely, unlawfully possess-
ing liquor after having been previously convicted of a viola-
tion of a city ordinance making it an offense to have posses-
sion of intoxicating liquors.  On that appeal the question of
the validity of the ordinance under which the defendant had
been previously convicted was not before the court.  The
opinion itself says:

"The concrete question for our determination is, Does the stat-
ute (title 54, Comp. Laws Utah 1917) relating to intoxicating liq-
uors authorize a prosecution for a felony where the former convic-
tion relied on was not for a violation of a statute, but for a
violation of a city ordinance?"

In the course of the opinion these words are employed:

"We know of no reason why a city, under existing statutes, may
not create the offense in question and provide for the punishment
thereof to the extent of its jurisdiction and power, but, under the
law as it now stands, we are compelled to hold that conviction for
such offense under a city ordinance forms no basis for a charge of
felony against the person so convicted."

The opinion, including that statement, was unanimously
approved by the court.  However, it is apparent that the lan-

guage was not essential or necessary for the determination of the question involved. The particular question or subject under consideration in the instant case had not been discussed by counsel or considered by the court. Therefore the words, "we know of no reason," etc., are in no sense authoritative or binding upon the court in the case at bar.

We are cited to the opinion in *Ex parte William McClain*, 134 Cal. 110, 66 Pac. 69, 54 L. R. A. 779, 86 Am. St. Rep. 243, as supporting the city's authority to enact the ordinance now under consideration. By the ordinance assailed in the McClain Case it was made "unlawful for any person to have in his possession any lottery ticket," etc. In the course of the opinion the court says:

"In this regard our cities and counties draw their power, not from legislative permission, but from the direct grant of the Constitution itself, which by article II, § 11, empowers them to make and enforce within their limits all such local, police, sanitary, and other regulations as are not in conflict with general laws."

We have no such constitutional provision. Article 11, § 5, of our Constitution provides that—

"The Legislature, by general laws, shall provide for the incorporation, organization, and classification of cities and towns in proportion to population; which laws may be altered, amended or repealed."

Whatever power or authority municipalities in this state have is derived from the Legislature.

It will hardly be contended that the ordinance in question was "essential to the accomplishment of the declared objects and purposes of the corporation." As we have seen, it is not included within any express grant; nor is it necessarily or fairly implied as an incident to the powers expressly granted measured by the rule laid down by the authorities.

It may be, and is, contended that the ordinance in question is only carrying out the general policy of the state as reflected by the legislative enactment making it an offense against the state law for any person to knowingly have in his possession without authority intoxicating liquors within the state. But the policy of the state cannot control

in determining the powers of a municipality. Those **6**
powers must be measured and determined by the
grants found in the charter or in the general laws purporting
to enumerate such powers.

We can see no escape from the conclusion that the board
of city commissioners of Salt Lake City was without authority
to enact the ordinance in question on this appeal.

The judgment is reversed, and the cause remanded to the
district court, with directions to discharge the defendant.

WEBER, C. J., and THURMAN, FRICK, and CHERRY,
JJ., concur.

On Application for Rehearing.

GIDEON, J.

A petition for rehearing has been filed on behalf of the
city, in which it is strenuously insisted that this court has
failed to give to the provisions of title 54, Comp. Laws Utah
1917, commonly known as the "Prohibition Law," the effect
intended by the Legislature. We have carefully examined
the provisions of that chapter called to our attention in the
argument on the petition for rehearing, as well as the cases
cited, and we see no reason to change the views expressed in
the opinion. The power of the city to enact the ordinance
must be controlled by the legislative grant found in the
general statutes. This grant, measured by the rules limiting
the powers of cities, nowhere authorizes or gives to the city
power to enact the ordinance in question.

Appellant's counsel in his answer to the petition for a re-
hearing argues and stresses the result or effect on the en-
forcement of the Prohibition Law as affected by the decision
of this court. The court, in the discharge of its duty, can-
not, of course, be influenced by any such considerations, and
does not base its conclusion upon that ground.

Petition for rehearing denied.

WEBER, C. J., and THURMAN, FRICK, and CHERRY, JJ., concur.