AMERICAN FORK CITY v. ROBINSON et al.

No. 4998. Decided October 11, 1930. (292 P. 249.)

K. K. *Steffensen,* of Salt Lake City, for appellants.

*Ray T. Elsmore,* of American Fork, for respondent.

## CHERRY, C. J.

The defendants were tried and convicted in the city justice's court of American Fork City upon a complaint for the violation of an ordinance of that city which prohibits playing pool in any clubroom in the city. They appealed to the district court of Utah county where they were again tried and convicted and fined $15 each. From the judgment in the district court they have appealed to this court, contending, among other things, that the ordinance which they were convicted of violating is invalid. By article 8, § 9, of the state Constitution the decisions of the district courts upon appeals from justices' courts are made final, except in cases involving the validity or constitution-

ality of a statute. On appeals to this court in such cases the court will consider only the question of the validity or constitutionality of the statute or ordinance in question. *Eureka City* v. *Wilson,* 15 Utah 53, 48 P. 41.

The ordinance in question defines "clubs" and "clubrooms" and prohibits the keeping for use any billiard or pool table in any clubroom in the city, and provides that "it shall be unlawful for any person to play at billiards or pool upon any billiard or pool table in any clubroom in the city," and prescribes as a penalty, for violation of the ordinance, a fine of not more than $50 or imprisonment not more than 30 days, or both.

A separate ordinance prohibits the keeping for use in any public place in the city any billiard or pool table.

It is contended that the part of the ordinance prohibiting the playing of billiards or pool upon any table in any clubroom in the city is invalid, because the power to enact such an ordinance has not been conferred upon the city by the state legislature.

That the powers of the city are strictly limited to those expressly granted, to those necessarily or fairly implied in or incident to the powers expressly granted, and to those essential to the declared objects and purposes of the corporation, is settled law in this state. *Salt Lake City* v. *Sutter,* 61 Utah 533, 216 P. 234.

We therefore look to the legislative grants relied on to sustain the power to enact the ordinance in question.

By Comp. Laws Utah 1917, § 570x39, the city councils of cities are invested with the power "to license, tax, regulate, and suppress billiard, pool, bagatelle, pipeon hole, or any other tables or implements kept or used for similar purposes. * * *" And chapter 113, Laws Utah 1925, § 570x88, grants to city councils the power "to regulate all social clubs, recreational associations, athletic associations, and kindred associations, whether incorporated or not, which maintain club rooms or regular meeting

rooms within the corporate limits of the city." Comp. Laws Utah 1917, § 570x87, empowers city councils "to pass all ordinances and rules * * * necessary for carrying into effect * * * all powers and duties * * * and to enforce obedience to such ordinances with such fines or penalties as the city council may deem proper," etc.

The first statute referred to plainly confers power with reference to billiard and pool tables; and does not extend beyond the regulation or suppression of keeping them, and the second statute does not pretend to go farther than the regulation of clubs. The last statute quoted is merely in aid of the express powers elsewhere granted.

The part of the ordinance in question does not deal with the subject of keeping billiard or pool tables, nor does it pretend to regulate any club or club member. It generally prohibits any person from playing at billiards or pool upon any billiard or pool table in any clubroom. This regulation is not so essential to the power to regulate or suppress the keeping of such tables, or to the regulation of clubs, as to be necessarily implied in or incident to such express powers, and, under the strict rule of construction applicable, the power of the city to enact the part of the ordinance in question must be denied, and the same held invalid.

Judgment reversed.

STRAUP, ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.