AMERICAN PETROLEUM CO et al. v. OGDEN CITY et al.

No. 5776.   Decided November 28, 1936.   (62 P. [2d] 557.)

466

*J. Quill Nebeker,* of Ogden, for plaintiffs.

*George S. Barker,* of Ogden, for defendants.

WOLFE, Justice.

Application for a permanent writ of prohibition. Temporary writ granted. The allegations material to this opinion contained in the petition are as follows: That the commissioners of Ogden City were using city funds "and city credit with which to purchase gasoline for sale, and were selling gasoline and other products to the customers of these plaintiffs for their private use, and in direct competition with the plaintiffs, and for the purpose of compelling the plain-

tiffs to reduce the price of their commodities, and that the plaintiffs would thereby be caused to become insolvent and lose their businesses, and that they have no speedy and adequate remedy at law, and that the defendants are thereby acting without, or in excess of their jurisdiction as a municipal corporation and officers in charge of the business affairs of said city." Defendants demurred and answered.

The extraordinary writ of prohibition seems to have become very ordinary, judging from the number of applications for it made to this court. While we see no reason why injunction does not furnish a speedy and adequate remedy, the question has not been raised by defendants. Consequently, we shall consider the question presented. Were the acts alleged to have been done by defendants and admitted by them to have been done, without or in excess of the jurisdiction of Ogden City? Both sides concede that the powers of municipalities when no charter has been adopted or unless directly granted by the Constitution, are derived from the Legislature. Municipalities have only those powers which are given in express words necessarily or fairly impliable in or incident to the power specifically granted or essential to the accomplishment of the declared objects and purposes of the corporation. *Utah Rapid Transit Co.* v. *Ogden City*, 89 Utah 546, 58 P. (2d) 1; *Salt Lake City* v. *Sutter*, 61 Utah 533, 216 P. 234; *American Fork City* v. *Robinson*, 77 Utah 168, 292 P. 249.

It is contended that section 15-8-2, R. S. Utah 1933, confers power on the cities to deal in commodities where it will promote the prosperity and improve the comfort and convenience of the inhabitants of the city. The part relied on reads as follows:

"Provided, that it shall be deemed a corporate purpose to appropriate money for any purpose which in the judgment of the board of commissioners or city council will provide for the safety, preserve the health, promote the prosperity and improve the morals, peace, order, comfort and convenience of the inhabitants of the city."

It is contended that this authorizes the buying and selling of gasoline by the municipality if for the convenience, comfort, and prosperity of the inhabitants. It was held in *Salt Lake City* v. *Sutter*, supra, that this proviso was limited by the clauses and provisions of the law which specify the particular purposes for which ordinances may be passed.

If it is considered desirable for a city to have the power to prevent exploitation of its inhabitants by monopolies, combinations, and understandings designed to keep up prices inordinately in such articles as fuel, milk, wood, gasoline, and other necessities of life by dealing in the same, it must come from the Legislature by express grant, assuming that the Legislature has constitutional authority to confer it. As to the existence of such power in the Legislature, we pass no opinion.

Writ made absolute; costs to the plaintiffs.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.