514 P.2d 1288

George SCHNEITER et al., Plaintiffs and Respondents,

v.

MIDVALE CITY et al., Defendants and Appellants.

No. 13224.

Supreme Court of Utah.

Oct. 17, 1973.

Ben G. Bagley, Midvale, for defendants and appellants.

Gordon A. Madsen, Robert C. Cummings, Salt Lake City, for plaintiffs and respondents.

TUCKETT, Justice:

The defendants appeal from a summary judgment entered in favor of the plaintiffs.

Plaintiffs commenced these proceedings in equity seeking to have declared null and void a lease entered into between Midvale City and Dan R. Fogle Red-E-Mix Company. Plaintiffs claim that the lease is ultra vires and contrary to public policy. The Dan R. Fogle Red-E-Mix Company is engaged in the business of selling sand, and gravel and other rock products. The plaintiffs do not sue as taxpayers but rather on the basis that the City under the purported agreement is in direct competition with the plaintiffs.

During the year 1953 Midvale City purchased from the Denver and Rio Grande Western Railroad Company certain real property on part of which the City has maintained and used for its waterworks system. Part of the land purchased was a tract which the Railroad Company had used for the extraction of sand and gravel for use in maintaining its tracks. Adjacent to the tract acquired from the Railroad Company plaintiffs also owned a tract of land. The plaintiffs leased their property to Dan R. Fogle Red-E-Mix Company and under the terms of the lease it was permitted to extract sand and gravel from the property and to pay a royalty therefor for the minimum payment of $5,000 per annum. Midvale City leased the adjoining tract to Fogle for the extraction of sand and gravel the same to be paid on a royalty basis based upon the tonnage extracted. The City's lease contained no minimum

payment per annum but the City retained the right to terminate the lease unless the royalties amounted to more than $500 per annum. Fogle continued to extract sand and gravel from the properties of the plaintiffs and the defendants.

The plaintiffs and the defendants filed separate motions for summary judgment and each supported the motions by affidavits. The affidavit presented by the plaintiffs had attached copies of various instruments which are illegible and the terms and nature thereof cannot be ascertained. Statements of facts above referred to have been gleaned from the affidavits and the pleadings.

Plaintiffs seek to maintain this suit on their claim that the City of Midvale was in direct competition with them. Plaintiffs rely on a prior decision of this court, American Petroleum Company v. Ogden City,[1] decided November 28, 1936. In that case Ogden City used City funds to buy gasoline and other petroleum products and to sell the same to the public in competition with regular dealers in those products. That case is distinguishable from the one now before us inasmuch as in this case plaintiffs and Midvale City are lessors of separate tracts of land to Fogle who is in the business of extracting sand, gravel and other products for sale to the public. The two lessors in this case are not in direct competition one with the other.

The facts in this case insofar as we can ascertain them do not show that the City is a business competitor of the plaintiffs.

Summary judgment entered by the court below is ordered set aside and the case is remanded to that court for further proceedings. No costs awarded.

CALLISTER, C. J., and HENRIOD, J., concur.

ELLETT, Justice (concurring and dissenting):

I concur in reversing the judgment rendered in the district court. However, I would be more specific in directing the lower court upon remand.

I think there was some competition between the parties, since both had leased their gravel land to the same lessee. It seems obvious to me that the plaintiff will furnish more gravel to the lessee if Midvale is prevented from disposing of its own.

Section 10–7–79, U.C.A.1953 (Replacement Volume 2A), provides:

The boards of city commissioners or city councils of the respective cities within the state are authorized and empowered to provide for the development

1. 90 Utah 465, 62 P.2d 557.

of the city's mineral, . . . resources.

Section 10–8–2, U.C.A.1953, so far as material, reads:

> They [board of commissioners and city councils] may . . . purchase, receive, hold, sell, *lease,* convey and dispose of property, real and personal, for the benefit of the city, both within and without its corporate boundaries, . . . and may do all other things in relation thereto as natural persons, . . . . [Emphasis added.]

Midvale owns mineral resources in the form of gravel, which is of value only when removed from the ground. The only way in which that resource can be developed is by removing it. The city is neither removing nor selling the gravel. It has simply entered into a lease agreement which permits the removal thereof.

There is nothing to show that there was any failure to follow statutory provisions (if any) regarding the making of the lease. Nor does the plaintiff, respondent herein, claim to the contrary.

It seems clear to me from the statutes set out that Midvale City has the right to lease its land in order that its mineral resources may be developed. I would, therefore, reverse the judgment made, remand the case, and direct the lower court to enter a summary judgment in favor of Midvale City dismissing the complaint of the plaintiff. No costs should be awarded.

CROCKETT, J., concurs in the views expressed in the concurring and dissenting opinion of ELLETT, J.